## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON AIKENS, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT, INC., AND MIDLAND FUNDING, LLC, <br><br> Defendants. | Case No. 2:17-cv-347 <br><br> **Class Action Complaint** <br><br> **Jury Trial Demanded** |

### NATURE OF ACTION

1.      Plaintiff Sharon Aikens ("Plaintiff") brings this putative class action against Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland Funding") (collectively "Defendants"), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., on behalf of herself and all others similarly situated.

### JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well

positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

### THE FAIR DEBT COLLECTION PRACTICES ACT

7.      Congress enacted the FDCPA in order to "prevent abusive, deceptive, and unfair debt collection practices." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989) (citing 15 U.S.C. § 1692).

8.     To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Bentley  v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).

9.     "Because it is designed to protect consumers, the FDCPA is, in general, liberally construed in favor of consumers to effect its purpose." *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 655 (S.D.N.Y. 2006) (quoting *Blair v. Sherman Acquisition*, 2004 WL 2870080, at *2 (N.D. Ill. 2004)).

10.     Violations of the FDCPA are assessed by the "least sophisticated consumer" standard: "Ultimately, the critical question is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 486 (E.D.N.Y. 2013) (quoting *Weiss v. Zwicker*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009)) (citations and internal quotation marks omitted).

11.     The FDCPA forbids the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

12.     In the Second Circuit "courts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

13.     Another key provision of the FDCPA is § 1692(f) which forbids the use of unfair or unconscionable means in connection with the collection of a debt.  15 U.S.C. § 1692f.

14.     "Relying on the plain meaning of the statute's terms, courts have considered an action unfair where it is 'marked by injustice, partiality, or deception,' and

unconscionable when it is 'unscrupulous,' 'show[s] no regard for conscience,' or 'affront[s] the sense of justice, decency, or reasonableness.'" *Penn v. Cumberland*, 1:11CV1009, 2012 WL 3062141 (E.D. Va. July 25, 2012) (quoting *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1200 (11th Cir.2010) (citations omitted)).

## PARTIES

15.     Plaintiff is a natural person who at all relevant times resided in the State of New York, County of Suffolk, and City of Brentwood.

16.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.     Midland Funding is engaged in the business of taking title to or assignment of delinquent debts originally owed to third parties and collecting the same from consumers.

18.     Midland Funding, at all relevant times, was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19.     Midland Funding is "debt collector" as defined by 15 U.S.C. § 1692a(6).

20.     MCM is a manager and servicer of defaulted consumer debt portfolios for debt buyers, including Midland Funding, and performs collection services on their behalf.

21.     MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

22.     Plaintiff is a natural person allegedly obligated to pay a debt.

23.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal cellular telephone services with Verizon Wireless (the "Debt").

24.    Midland Funding purchases or otherwise acquires title to debts once owed or once due, or asserted to be once owed or once due, a creditor.

25.    Midland Funding uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

26.    Midland Funding acquired Plaintiff's Debt when it was allegedly in default.

27.    MCM is an affiliated entity that acts on behalf of Midland Funding to collect or facilitate the collection of debts owned by Midland Funding.

28.    MCM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

29.    In connection with the collection of the Debt, MCM, on behalf of itself and Midland Funding, sent Plaintiff a collection letter dated January 20, 2016.

30.    A true and accurate copy of MCM's January 20, 2016 letter is attached to this complaint as Exhibit A.

31.    On March 2, 2016, MCM, on behalf of itself and Midland Funding, sent Plaintiff a subsequent letter in connection with the collection of the Debt.

32.    A true and accurate copy of MCM's March 2, 2016 letter is attached to this complaint as Exhibit B.

33.    Both letters state: "If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."  Exhibits A, B.

34.     By stating that MCM would "continue to report" Plaintiff's Debt, MCM implied that it was already reporting Plaintiff's Debt to the credit reporting agencies.

35.     However, at the time MCM sent its letters to Plaintiff, MCM was not reporting the Debt to any credit reporting agency.

36.     Upon receiving the January 20, 2016 and March 2, 2016 letters, Plaintiff was upset because she believed that the Debt was currently being reported on her credit reports and the Debt was damaging her credit score.

## CLASS ALLEGATIONS

37.     Plaintiff repeats and re-alleges all factual allegations above.

38.     Upon information and belief, MCM's January 20, 2016 and March 2, 2016 letters are based on a form or template (the "Template").

39.     The Template states: "If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."  Exhibits A, B.

40.     However, the Template's statements are false, deceptive, and misleading because Defendants were not reporting the debt to the credit reporting agencies despite language implying the contrary.

41.     MCM has used the Template to send collection notices to at least 40 individuals in the State of New York within the one year prior to the filing of this complaint.

42.     Plaintiff brings this action on behalf of herself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following class:

(a) All individuals with a New York address (b) to whom MCM, on behalf of itself and Midland Funding mailed a letter based on the Template that states: "If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid" (c) from one year before the date of this complaint through the date of an order certifying this action under Rule 23 (d) in connection with the collection of a debt and (e) where Defendants

were not reporting the debt on the consumer's credit report as of the date of the letter.

43.     The proposed class specifically excludes the United States of America, the State of New York, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

44.     The class is averred to be so numerous that joinder of members is impracticable.

45.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

46.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

47.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 et seq.; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

48.     The claims of Plaintiff are typical of the claims of the class she seeks to represent.

49.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted

individually, the claims of each class member would require proof of the same material and substantive facts.

50.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

51.    Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

52.    Plaintiff is willing and prepared to serve this Court and the proposed class.

53.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

54.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

55.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

56.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the

parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

57.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

58.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

59.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

60.    Plaintiff repeats and re-alleges each and every factual allegation above.

61.    The FDCPA forbids debt collectors from using "any false, deceptive, or misleading representations or means in connection of any debt."  15 U.S.C. § 1692e.

62.     MCM violated 15 U.S.C. § 1692e by stating that it would "continue to report it to the credit reporting agencies" when, in fact, Defendants were not currently reporting the Debt on Plaintiff's credit report.

63.     Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)    Adjudging that Defendants violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c)    Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding Plaintiff such additional damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)    Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)    Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## TRIAL BY JURY

64.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 20, 2017.

Respectfully submitted,

s/Justin Auslaender
Justin Auslaender
Eastern District Bar No. JA5875
NY Bar No. 5095476
Thompson Consumer Law Group
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (917) 793-9022
Facsimile:   (917) 793-9037
Email: justin@theauslaenderfirm.com

Attorney for Plaintiff

*Please direct local correspondence to:*

90-35 148th Street
Jamaica, NY 11435